**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **SHERRY HALL** | ) | **CASE NO:** |
| 7596 Coon Club Rd. | ) | |
| Medina, Ohio 44256 | ) | **JUDGE:** |
| | ) | |
| And | ) | |
| | ) | |
| **ELIZABETH NAKOFF** | ) | |
| 3178 N. Park Ln. | ) | |
| Medina, Ohio 44256 | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SISLER HEATING & COOLING, INC.** | ) | **COMPLAINT** |
| 249 State Rd. South | ) | |
| P.O. Box 308 | ) | |
| Medina, Ohio 44258 | ) | *JURY DEMAND* |
| | ) | *ENDORSED HEREIN* |
| **Defendant-Employer** | ) | |
| and | ) | |
| | ) | |
| **DENNIS D. SISLER** | ) | |
| 249 State Rd. South | ) | |
| P.O. Box 308 | ) | |
| Medina, Ohio 44258 | ) | |
| | ) | |
| **Defendant-Employer** | ) | |

Now come Plaintiffs, Sherry Hall and Elizabeth Nakoff, by and through undersigned counsel, and for their complaint against Defendants, Sisler Heating & Cooling, Inc. and Dennis D. Sisler, state as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction pursuant to the following statutes:

   a. 28 U.S.C.§1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.

    b.      28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

2.      This Court has personal jurisdiction over the defendants because they each reside and/or have their principle place of business in this judicial district.

3.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c) because (1) the defendants are each subject to personal jurisdiction in this judicial district and, thus, qualify as a resident under 28 U.S.C. §1391(c) (2); and (2) all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

4.      Plaintiff, Sherry Hall, is a resident of the City of Medina, County of Medina, and State of Ohio at the time of this occurrence.

5.      Plaintiff, Elizabeth Nakoff, is a resident of the City of Medina, County of Medina, and State of Ohio at the time of this occurrence.

6.      Defendant, Sisler Heating & Cooling, Inc., has its principal place of business at 249 State Road South, City of Medina, County of Medina, State of Ohio.

7.      Defendant, Dennis D. Sisler, is the principal owner and registered agent of Sisler Heating & Cooling, Inc..

## BACKGROUND AND FACTUAL ALLEGATIONS

8.      On or about June 26, 2015, Ms. Hall began working as a customer service representative for the Defendants.

9.      Ms. Hall was an hourly employee, with a pay rate of $17.00 per hour.

10.      For overtime hours, Ms. Hall's pay rate was $25.50 per hour.

11. At all times during her employment with Defendants, Ms. Hall's job functions included, but were not limited to, customer service functions, answering incoming calls, scheduling service appointments, ordering service parts, checking in service parts from customers, returning warranty parts, sending service schedules to management, handling warranty claims, checking emails, handling HVAC permits, entering service slips into Quicken, printing credit card slips from Square, entering receivables into Quicken and Peachtree, entering deposits into Quicken, handling annual license registration, filing invoices, registering units, and cleaning the office and bathroom.

12. Ms. Hall regularly worked 60-80 hours per week while employed by Defendants, but was only compensated for 40-41 hours of work in each pay period.

13. Ohio Revised Code §4111.03, Ohio Revised Code §4111.10, and the Fair Labor Standards Act (29 U.S.C.S. §201 et seq.) provide that an employer is required to pay employees for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work-week, unless the employee is exempt.

14. At no time during her employment did Ms. Hall meet any of the six (6) F.L.S.A. exemptions from overtime pay because, despite her job title, Ms. Hall's primary functions as an employee for the Defendants did not satisfy the F.L.S.A. primary duties test.

15. The primary duties of Ms. Hall were routine, non-exempt tasks, which did not include the hiring, firing, disciplining of other employees, scheduling, supervising and delegating, or exercising meaningful independent judgment and discretion.

16. On or about August 13, 2013, Ms. Nakoff was hired as the "A/R Office Assistant" for the Defendants.

17. Ms. Nakoff was an hourly employee with a pay rate of $17.50 per hour.

18. For overtime hours, Ms. Nakoff's pay rate was $26.25 per hour.

19. At the end of June, 2015, Ms. Nakoff received a pay raise, making her hourly rate $20.00 per hour.

20. After receiving said pay raise, Ms. Nakoff's overtime rate became $30.00 per hour.

21. At all times during her employment with Defendants, Ms. Nakoff's job duties included, but were not limited to, handling employee insurance, taking incoming calls, organizing new employee paperwork, managing payroll, ordering office supplies, entering payables, cutting payable checks, entering invoices, verifying client monthly balances, checking emails, assisting with commercial activity tax, dealing with customers, organizing possible bids, worked with attorneys on legal matters pertaining to the company, preparing service schedules, emailing invoices to Crista Sisler, occasionally terminating employees on Crista Sisler's behalf, and assisting employees with problems.

22. In an effort to complete her work, Ms. Nakoff would regularly come in to work early, skip lunch, and leave work late.

23. Ms. Nakoff regularly worked over forty-eight (48) hours per week, but was only compensated for 40-41 hours of work per week.

24. Ohio Revised Code §4111.03, Ohio Revised Code §4111.10, and the Fair Labor Standards Act (29 U.S.C.S. §201 et seq.) provide that an employer is required to pay employees for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work-week, unless the employee is exempt.

25. At no time during her employment did Ms. Nakoff meet any of the six (6) F.L.S.A. exemptions from overtime pay because, despite her job title, Ms. Nakoff's primary functions as an employee for the Defendants did not satisfy the F.L.S.A. primary duties test.

26. The primary duties of Ms. Nakoff were routine, non-exempt tasks, which did not include the hiring, firing, disciplining of other employees, scheduling, supervising and delegating, or exercising meaningful independent judgment and discretion.

27. All management duties were performed by Ms. Nakoff's direct supervisors, Crista Sisler, who continually texted her throughout the day and night regarding work to be done by Ms. Nakoff, and Keith Meadows.

28. In these text messages between Ms. Nakoff and Ms. Sisler, Ms. Sisler was verbally abusive and regularly threatened to terminate Ms. Nakoff when she complained about work conditions and long hours without sufficient staffing and overtime.

29. According to Ms. Nakoff, Crista Sisler would consume alcohol and pain medication, which caused Ms. Sisler to have these severe mood swings and text, phone, or email Plaintiffs for hours throughout the day and night, preventing them from completing their respective job duties.

30. In September, 2015, Ms. Nakoff had a severe diverticulitis attack, which required her to go to the emergency room and according to her doctors, the diverticulitis attack was stress-induced.

31. In March, 2016, Ms. Nakoff was prescribed Zoloft (50mg) for stress and anxiety issues related to her job, yet Ms. Nakoff continued to work until she was constructively discharged on January 20, 2017.

32. Towards the end of her employment with Defendant, Ms. Nakoff's Zoloft prescription was raised from 50mg to 100mg.

33. Crista Sisler was aware that Ms. Nakoff's severe diverticulitis was stress-induced, and she was aware of Ms. Nakoff's susceptibility to stress and anxiety.

34. From June 26, 2015 to January 18, 2016, Ms. Hall worked 967 hours of overtime, amounting to $24,658.50 of unpaid overtime wages.

35. From August 13, 2013 to January 20, 2017, Ms. Nakoff worked 1,482 hours of overtime, amounting to $41,846.25 of unpaid overtime wages.

## COUNT I

### (Violation of 29 U.S.C. §207 (a)(1))

36. Plaintiffs restate the allegations in paragraphs 1 through 33 as if fully rewritten herein.

37. During her time as an hourly employee for Defendants, Ms. Hall regularly worked 60-80 hours per week, but was only compensated for 40-41 hours per week.

38. From June 26, 2015 to January 18, 2016, Ms. Hall worked 967 hours of overtime, amounting to $24,658.50 of unpaid overtime wages.

39. During her time as an hourly employee for Defendants, Ms. Nakoff regularly over 48 hours per week, and at times, 60-65 hours per week, but was only compensated for 40-41 hours per week.

40. From August 13, 2013 to January 20, 2017, Ms. Nakoff worked 1,482 hours of overtime, amounting to $41,846.25 of unpaid overtime wages.

41. Defendants failure to pay Plaintiffs' overtime wages was willful and/or in reckless disregard of the Fair Labor Standards Act.

42. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages in an amount to be proven at trial.

43. As a direct and proximate result of Defendants' actions, Plaintiffs have incurred substantial expenses, costs, and fees, including, without limitation, attorney's fees.

## COUNT II

### (Violation of O.R.C. §4111.03)

44. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 41 of this Complaint as if fully rewritten herein.

45. Defendants' failure to pay Plaintiffs overtime wages was willful and/or in reckless disregard of Ohio's wage and labor laws.

46. As a direct result of the willful violation of O.R.C. §4111.03, Plaintiffs are entitled to actual and statutory damages in an amount in excess of $75,000, including liquidated and/or punitive damages for Defendants' willful and unlawful conduct in an amount sufficient to punish and deter Defendants' unlawful conduct in the future.

## COUNT III

### (Unjust Enrichment)

47. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 44 of this Complaint as if fully rewritten herein.

48. Plaintiffs conferred a benefit upon Defendants by continually working excessive overtime hours

49. Ms. Nakoff worked approximately 1,482 overtime hours, far beyond the requirement of her full time employment, so that Defendants' business could operate effectively.

50. Ms. Hall worked approximately 967 overtime hours, also far beyond the requirements of fulltime employment.

51. The Defendants were at all times aware of the benefit being conferred by Plaintiffs, and were at all times in approval of the overtime hours Plaintiffs were working.

52. The Defendants retained the benefit of reduced labor costs by failing to pay Plaintiffs' overtime wages.

53. As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT IV
### (Intentional Infliction of Emotional Distress)

54. Plaintiffs restate the allegations in paragraphs 1 through 51 as if fully rewritten herein.

55. Upon information and belief, Defendants intentionally and willfully acted in an extreme and outrageous manner that was so extreme in degree as to go beyond all bounds of decency, including, but not limited to, the following:

    a. Constantly texting, calling, and emailing Plaintiffs throughout the day and night.

    b. Engaging in the cyberbullying of Plaintiffs.

    c. Continually threatening the Plaintiffs' employment.

d. Defendants rummaged through Ms. Nakoff's desk when she was not present and left the contents on her desk, referred to said contents as "trash," and even threw some of the contents of Ms. Nakoff's desk in the garbage.

e. Crista Sisler would consume alcohol and pain medication on the job, causing extreme mood swings and would keep Plaintiffs on the phone for the entire work day, so as to prevent them from completing their respective job duties. After preventing Plaintiffs from performing their respective job duties, Crista Sisler would then berate them for failing to complete said duties in the presence of other employees or customers.

f. Ms. Sisler attempted to get Ms. Hall to tape record Ms. Nakoff.

g. Ms. Sisler attempted to get Ms. Nakoff to record all of Ms. Nakoff's conversations with other employees.

h. On one occasion, Ms. Sisler came into the office and left a McDonald's cup filled with alcohol in her car and continually drank from it throughout the day.

i. Defendants created such a hostile work environment, Plaintiffs were scared to come into work each day, as they did not know what to expect from their direct supervisor, Crista Sisler.

j. Plaintiffs suffered from severe stress and anxiety issues and both required medication to treat said issues.

k. Ms. Nakoff endured rude remarks, badgering, and at times, intimidating behavior, from Keith Meadows, Ms. Sisler's brother and Ms. Nakoff's supervisor.

l. During one exchange between Mr. Meadows and Ms. Nakoff, Mr. Meadows yelled at Ms. Nakoff and slammed his fist on the table.

56. Said Defendants' conduct was undertaken with malice and/or a reckless disregard of Plaintiffs' rights.

57. Said Defendants' conduct directly and proximately caused Plaintiffs to suffer emotional and mental distress.

58. Plaintiffs mental anguish was serious and of a nature that no reasonable person could be expected to endure.

59. As a direct and proximate result of Defendants' actions, Plaintiffs are entitled to compensatory damages in an amount to be proven at trial before a jury, which is sufficient to fully compensate Plaintiffs for physical and emotional distress, humiliation, embarrassment, and other damages suffered as a result of Defendants' intentional infliction of emotional distress upon Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Sherry Hall and Elizabeth Nakoff, pray for judgment against Defendants, jointly and/or severally, as follows:

A. As to Count I, for judgment against Defendants in favor of Plaintiffs for compensatory damages in an amount to be proven at trial before a jury, which is sufficient to fully compensate Plaintiffs for unpaid overtime wages;

B. As to Count II, for judgment against Defendants in favor of Plaintiffs for actual and statutory damages in an amount to be proven at trial before a jury, including liquidated and/or punitive damages for Defendants' willful and unlawful conduct in an amount sufficient to punish and deter Defendants' unlawful conduct in the future;

C. As to Count III, for judgment against Defendants in favor of Plaintiffs for compensatory damages in an amount to be proven at trial before a jury, which is sufficient to fully compensate Plaintiffs for Defendants' unjust enrichment;

D. As to Count IV, for judgment against Defendants in favor of Plaintiffs for compensatory damages in an amount to be proven at trial before a jury, which is sufficient to fully compensate Plaintiffs for their physical and emotional distress, humiliation, embarrassment, and other damages suffered as a result of Defendants' intentional infliction of emotional distress upon Plaintiffs;

E. As to all counts, Plaintiffs' reasonable attorney's fees and court costs;

F. As to all counts, punitive damages to the extent permitted by applicable federal and/or state law in an amount to be determined at trial, which is sufficient to punish and deter Defendants' unlawful conduct in the future; and

G. As to all counts, such other legal and/or equitable relief to which Plaintiffs may be entitled.

Respectfully submitted,

GRUBB & ASSOCIATES, LPA

/s/ Natalie F. Grubb
Natalie F. Grubb (0062596)
Mark E. Owens (0068335)
437 W. Lafayette Road, Suite 260-A
Medina, Ohio 44256
Ph: (330) 725-7252
Fax: (330) 723-1095
E-Mail: officemgr@grubbandassoc.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

                                                                         /s/ Natalie F. Grubb
                                                                         Natalie F. Grubb (0062596)